UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DEVON KURTZ,                                    )
         Plaintiff,                            )
                                        )
         v.                                         )        Civil No. 2:25-CV-00711
                                        )
JON MURAD, in his official capacity as          )
Interim Commissioner of the Vermont             )
Department of Corrections;                       )
DAVID BOVAT, in his official capacity as        )
acting Superintendent of the Southern State     )
 Correctional Facility ("SSCF"); and            )
ANTHONY GIORDANO, in his official               )
capacity as Volunteer Services Coordinator      )
at SSCF,                                         )
         Defendants.                           )

**ANSWER**

Defendants Commissioner Murad, Assistant Superintendent Bovat, and Volunteer Services Coordinator Giordano hereby answer Plaintiff's Complaint.

The Complaint contains two sections of narrative that contain a mixture of factual assertions, opinions, and conclusions of law. In this regard, the Complaint does not comply with Fed. Rule of Civ. Proc. 8 and 10 which require that a plaintiff provide a short and plain statement of his claim in numbered paragraphs. *See, e.g., United States v. Erie Cnty., NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) (directing the Justice Department to file an amended complaint enumerating factual allegations it relied on in an exhibit). Plaintiff also attaches voluminous documents to the Complaint. However, Defendants are not required to admit or deny the contents of exhibits. *See id*. Defendants therefore generally deny the narrative portion of the Complaint and reserve the right to issue further denials in the event it becomes necessary, given the development of Plaintiff's claims through discovery. Defendants also provide specific

denials of factual allegations in the narrative portions of the Complaint treating each sentence as a numbered paragraph.

## PRELIMINARY STATEMENT

1. Denied that Plaintiff's presence in the facility was solely for the purpose of serving as a Quaker minister.  Denied that his termination was retaliatory.  The remainder of this sentence is denied for lack of information sufficient to form a belief over the contents of the book.

2. Admitted that the book at issue is titled "Sketches from Behind Prison Walls".  Denied for lack of information sufficient to form a belief over whether it is an expression of Plaintiff's Quaker beliefs or aimed at humanizing incarcerated individuals.  Also denied for lack of information sufficient to form a belief regarding the alleged number of individuals incarcerated nationwide.

3. The description of the book's content consists of evaluative assertions rather than assertions of fact.  To the extent it contains assertions of fact, the sentence is denied.

4. The description of the book's content consists of evaluative assertions rather than assertions of fact.  To the extent it contains assertions of fact, the sentence is denied.

5. The description of the book's content consists of evaluative assertions rather than assertions of fact.  To the extent it contains assertions of fact, the sentence is denied.

6. Denied that Plaintiff is being punished.  The remainder of this sentence contains conclusions of law that require no response. To the extent a response is required, denied.

7. Denied that Plaintiff was terminated from his volunteer position because Defendants disliked the content of the book.  Denied that Plaintiff was fired for unconstitutional reasons. To the extent this sentence contains other factual allegations, it is denied.

8. Denied that Plaintiff was terminated from his position for publishing the book. The remainder of this sentence contains legal conclusions which require no response. To the extent a response is required, denied.

9. This sentence contains a conclusion of law that requires no response. To the extent it contains factual allegations, this sentence is denied.

10. Denied for lack of information sufficient to form a belief over Plaintiff's intent. Denied that Plaintiff is unable to freely practice his religion or speak on any topic.

## NATURE OF THE ACTION

1. Denied that Plaintiff began volunteering for the Vermont Department of Corrections in 2021.

2. Denied for lack of knowledge sufficient to form a belief over the development of Plaintiff's Quaker faith or how it affected his commitment to volunteering. Admitted that he presented himself as a religious services volunteer when he sought authorization to enter Southern State Correctional Facility.

3. Denied for lack of knowledge sufficient to form a belief over the number of individuals served or his relationship with Mr. Kolts.

4. Denied for lack of knowledge.

5. Denied for lack of knowledge.

6. Denied for lack of knowledge over the efforts necessary to publish the book. Denied for lack of knowledge over when the book was published.

7. Denied for lack of knowledge whether any DOC employee may have complained to Plaintiff regarding the book. Denied that Defendants wrongfully terminated Plaintiff.

Further denied that Plaintiff had served as a volunteer at Southern State Correctional Facility for three years as of the date the book was published.

8.  Denied that Plaintiff was fired for his role in publishing the book. Further denied that Defendants violated Plaintiff's First Amendment rights.

9.  Denied that Defendants' conduct was unlawful. Also denied that Plaintiff made good faith efforts to avoid litigation.

10. Admitted that Plaintiff made a request to be reinstated in his registered volunteer capacity. Denied that this request, or his registered volunteer capacity, included a designation as a Quaker minister. Denied that Plaintiff's First Amendment rights required vindication.

11. This sentence contains conclusions of law that do not require a response.

**PARTIES**

1.  Admitted that Plaintiff served as a volunteer at Southern State Correctional Facility prior to his termination. Admitted also that Plaintiff presented himself as a Quaker minister. Denied that his activities in the facility were limited to the role of a Quaker minister.

2.  Admitted that Jon Murad is the Interim Commissioner of the Vermont Department of Corrections and that he is an employee of the State of Vermont. Denied that he is directly responsible for the functions listed as being under his purview. Also denied that they comprehensively describe the Commissioner's responsibilities.

3.  Admitted that Defendant Bovat served as the acting Superintendent of Southern State Correctional Facility for a period of time. Denied that he is serving in that capacity at present. On or about September 9, 2025, Defendant Bovat returned to his position as Assistant Superintendent of the facility. Denied that an Assistant Superintendent is necessarily responsible for hiring, firing, promotion, and discipline of employees. Admitted

that Defendant Bovat signed Plaintiff's termination letter and that Exhibit A is a photograph of that letter.

4. Admitted that Defendant Giordano served as the Volunteer Services Coordinator for Southern State Correctional Facility while Plaintiff served as a volunteer. Admitted that Defendant Giordano was responsible for supervision of Plaintiff as a volunteer. Denied that Defendant Giordano was responsible for all aspects of hiring, firing, and disciplining Plaintiff. Admitted that Defendant Giordano called Plaintiff to inform him of his termination.

## JURISDICTION AND VENUE

5. This paragraph states a conclusion of law which requires no response.

6. This paragraph states a conclusion of law which requires no response.

7. This paragraph states a conclusion of law which requires no response.

8. Denied that Defendants are officers of the U.S. government. Otherwise, this paragraph states a conclusion of law which requires no response.

9. Denied.

## FACTUAL ALLEGATIONS

A. **This heading contains a descriptive summary that requires no response.**

10. Denied that there is a volunteer position at SSCF through the Hartford Community Restorative Justice Center. Denied for lack of knowledge sufficient to form a belief over when Plaintiff began volunteering with the Hartford Community Restorative Justice Center.

11. Admitted that volunteers receive training materials, including a training manual. Denied for lack of knowledge sufficient to form a belief as to when Plaintiff received these materials. Denied that Exhibit B is a true and accurate copy of the Training Manual. The exhibit

5

incorporates several other documents the completeness of which is not verifiable. Admitted that the Training Manual included in Exhibit B is a true and accurate copy.

12. The Training Manual speaks for itself.

13. Denied that Exhibit C is a true and accurate copy of the Training Manual Plaintiff signed. Also denied that Exhibit C contains any other training materials that Plaintiff signed.

14. Denied.

15. Admitted that the Department of Corrections provides training materials to volunteers and updates those materials as needed. Admitted that Plaintiff received training materials when he began volunteering at SSCF. Denied that he received these materials in January 2021. Denied that Exhibit D contains only the updated training manual. Admitted that the copy of the Training Manual in Exhibit D is a true and accurate copy.

16. The Training Manual speaks for itself.

17. The Training Manual speaks for itself.

**B.    This heading contains a descriptive summary that requires no response.**

18. Denied that Plaintiff worked for the Vermont Department of Corrections prior to February 2023. Admitted that Plaintiff presented himself as a religious services volunteer when seeking authorization to volunteer at Southern State Correctional Facility in February 2023. Denied for lack of knowledge sufficient to form a belief over whether Plaintiff learned that Quaker ministry services had not been offered at SSCF in nearly two decades and that was the basis for his decision to provide religious volunteer services.

19. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

20. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

21. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

22. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

23. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

24. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

**C. This heading contains a descriptive summary that requires no response.**

25. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

26. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

27. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

28. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.  Denied that Exhibit E is a true and correct copy of the book.

29. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

30. The book speaks for itself.

31. The book speaks for itself.

32. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

33. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

34. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted with respect to whether Plaintiff took photographs or created audio or video recordings of inmates at SSCF.  Admitted that Exhibit E does not contain any photographic images.

35. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

36. Denied that every message Plaintiff sent through the Getting Out app was reviewed by Department of Corrections security personnel.  The Department of Corrections Inmate Mail Directive speaks for itself.  Admitted that Exhibit F is a true and accurate copy of the Inmate Mail Directive.

37. Denied.

38. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

39. Admitted that Plaintiff brought one copy of the book to SSCF after it was published. Denied for lack of knowledge sufficient to form a belief over the truth of the matter asserted as to whether, and how, the book may have been examined by security personnel.

40. Admitted that Plaintiff placed one copy of the book in Defendant Giordano's mailbox at SSCF.

41. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

42. Denied for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

43. Denied that Plaintiff had more than one supervisor. Denied that the Defendants knew of the book or its planned publication.

**D. This heading contains a descriptive summary that requires no response.**

44. Admitted that on or about July 9, 2024, Director of Victim Services Meredith Pelkey sent an email to Plaintiff asking to talk about the book. Denied that Plaintiff agreed to meet with Director Pelkey to discuss the book without qualification. Rather, he suggested he may want his attorneys present for any conversation. Denied for lack of information sufficient to form a belief over how the book was received by the community at large.

45. Admitted that Defendant Giordano called Plaintiff to inform him that he would be terminated. Denied that this call occurred on the same day that Director Pelkey sent her email requesting to discuss the book. Denied that Defendant Giordano told Plaintiff the reason for his termination was his work on the book.

46. Admitted that Defendant Bovat sent Plaintiff a letter formally advising him of his termination as a volunteer.

47. Defendant Bovat's letter speaks for itself.

48. Defendant Bovat's letter speaks for itself.

49. Denied. Admitted that Exhibit H is a true and correct copy of the Media Access Directive.

50. The Media Access Directive speaks for itself.

51. The Media Access Directive speaks for itself. Denied that Plaintiff was not subject to the Media Access Directive.

52. Denied that Plaintiff could no longer serve incarcerated individuals at SSCF because of his termination. Plaintiff stopped serving as a volunteer and moved away from Vermont prior to his termination.

53. Admitted that Plaintiff sent a demand letter to General Counsel Carr and Defendant Bovat on or about December 30, 2024. Denied for lack of information sufficient to form a belief over whether the demand letter was sent via FedEx to Defendant Bovat.

54. The demand letter speaks for itself. Admitted that Exhibit I is a true and accurate copy of the demand letter.

55. Admitted.

56. The email speaks for itself. Admitted Exhibit J is a true and accurate copy of the email.

57. Denied for lack of knowledge sufficient to form a belief over the truth of the matter asserted.

## COUNT I

58. Defendants repeat the responses set forth above in paragraphs 1-57 as if fully set forth herein.

59. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

60. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

61. Denied.

62. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

63. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

64. Denied that Defendants retaliated against Plaintiff. The book speaks for itself.

65. Denied.

66. This paragraph states conclusions of law that require no response. To the extent a response is required, denied.

67. This paragraph states a conclusion of law that requires no response.

## COUNT II

68. Defendants repeat the responses set forth above in paragraphs 1-57 as if fully set forth herein.

69. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

70. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

71. The book speaks for itself. Otherwise, this paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

72. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

73. Denied that Defendants retaliated against Plaintiff. The book speaks for itself.

74. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

75. This paragraph states a conclusion of law that requires no response.

## COUNT III

76. Defendants repeat the responses set forth above in paragraphs 1-57 as if fully set forth herein.

77. Denied that Defendants retaliated against Plaintiff.  Otherwise, this paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

78. Denied for lack of knowledge sufficient to form a belief over the matter asserted.

79. Denied that Plaintiff was performing solely ministry work at Southern State Correctional Facility.  Otherwise, denied for lack of knowledge sufficient to form a belief over the truth of the matter asserted.

80. Denied.

81. Denied that Defendants had no legitimate basis for terminating Plaintiff.  Plaintiff is left to his proof.

82. Denied that Defendants were aware of Plaintiff's work on the book prior to its publication. Otherwise, this paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

83. This paragraph states a conclusion of law that requires no response.  To the extent a response is required, denied.

84. This paragraph states a conclusion of law that requires no response. To the extent a response is required, denied.

85. Denied that Defendants have punished and/or retaliated against Plaintiff.  This paragraph otherwise states a conclusion of law that requires no response. To the extent a response is required, denied.

86. This paragraph states a conclusion of law that requires no response.

## COUNT IV

87. Defendants repeat the responses set forth above in paragraphs 1-57 as if fully set forth herein.

88. Denied that Defendants retaliated against Plaintiff.  This paragraph otherwise states a conclusion of law that requires no response.  To the extent a response is required, denied.

89. This paragraph states a conclusion of law that requires no response.  To the extent a response is required, denied.

90. Denied for lack of knowledge sufficient to form a belief over the truth of the matter asserted.

91. Denied that Defendants retaliated against and/or punished Plaintiff.  This paragraph otherwise states a conclusion of law that requires no response.  To the extent a response is required, denied.

92. This paragraph states a conclusion of law that requires no response.

## AFFIRMATIVE DEFENSES

1. Eleventh Amendment/Sovereign Immunity

2. Official Immunity.

3. Qualified Immunity.

4. Government interest.

5. Failure to state a claim upon which relief may be granted.

6. Lack of personal involvement.

7. Failure to mitigate damages.

8. Unclean hands.

9. Fraud.

10. Defendants reserve the right to amend their affirmative defenses as discovery progresses.

DATED at Montpelier, Vermont, this 5th day of June 2026.

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

By:    */s/ David McLean*
        David McLean
        Assistant Attorney General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        802-828-5341
        david.mclean@vermont.gov

        Counsel for Defendants